### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- :

| | |
|---|---|
| **FOREST C. GREECE,** | :      **Civil Action No. 25-0867** |
|         **Plaintiff,** | : |
| **v.** | :      **Jury Trial Demanded** |
| | : |
| **BENJAMIN E. HEIST and** | : |
| | : |
| **AZIRA Z. BENJAMIN,** | : |
|         **Defendants**. | : |

---------------------------------------------------------- :

### COMPLAINT

Plaintiff Forest C. Greece ("Plaintiff", "Plaintiff Greece" or "Mr. Greece"), through his legal counsel, brings this Complaint against Defendant Benjamin E. Heist and Defendant Azira Z. Benjamin (individually, as "Defendant Heist" and "Defendant Benjamin" and collectively, as "Defendants").

### INTRODUCTION

1.     Forest Greece is a current Senior at Widener University, studying Sports Management. Mr. Greece has a cumulative grade point average ("G.P.A.") over 3.8. Mr. Greece has been a member of the Widener University Football team for four (4) years; during which time, he has been named to the Middle Atlantic Conference Academic Honor Roll each year.

2.     Each Defendant intentionally and with malicious intent made knowingly false statements about Plaintiff Forest Greece to a City of Chester, Pennsylvania ("Chester Police") police officer on or about the morning of February 17, 2024; accusing Mr. Greece of having committed violent, Felony and other criminal offenses. At some later date, each Defendant repeated and/or uttered additional false allegations of criminal behavior by Mr. Greece to the Office of the Delaware County District Attorney ("Delaware County District Attorney").

3.      Specifically, Defendants implicated Mr. Greece as a direct combatant in a physical altercation, involving Defendant Heist, in which Mr. Greece was never involved.

4.      The actual physical altercation, involving Defendant Heist was a public spectacle which occurred outside of Mr. Greece's residence and was viewed in real time by dozens of people.

5.      Defendants' intentionally false statements to the Chester Police were the direct cause of the Chester Police later charging Mr. Greece with a First Degree Felony count of Aggravated Assault, Misdemeanor charges of additional violent crimes and related Summary offenses.

6.      Proof of Defendants' intentionally false statements to the Chester Police are evident in the Affidavit of Probable Cause, issued by Chester Police Officer Ryan Shomo. A copy of the Affidavit of Probable Cause is attached to this complaint and incorporated, herein.

7.      Upon opinion and belief, before June 24, 2024, Defendants repeated these same scrurilous lies to the Delaware County District Attorney's Office, in preparation for the criminal prosecution of Mr. Greece on the criminal charges, listed above.

8.      Multiple witnesses have stepped forward to state, affirmatively, that Mr. Greece never committed the charged crimes.

9.      Following a Preliminary Hearing, held on June 24, 2024 before a Commonwealth Magisterial District Court Judge, each of the five (5) criminal charges filed against Mr. Greece; the direct result of Defendants' knowingly false lies, was dismissed following a record hearing.[1]

**PARTIES**

---

[1] The Notes of Testimony of this June 24, 2024 Preliminary Hearing are attached hereto and incorporated herein, to this instant Complaint.

10.     All parties to this matter were, at the time of the events in question, and remain respective undergraduate students at Widener University.

11.     Plaintiff Forest Greece is a resident of the State of New York.

12.     Defendant Benjamin Heist is a resident of the State of Arizona. Prior to matriculating to Widener University, Defendant Heist attended and graduated from a high school in the State of Maryland.

13.     Defendant Azira Benjamin is a resident of the Commonwealth of Pennsylvania who, prior to matriculating to Widener University, attended and graduated from a high school located in Delaware County, Pennsylvania.

14.     Accordingly, each respective party to this matter is a resident of a different state.

## <u>JURISDICTION AND VENUE</u>

15.     This Court has jurisdiction over this action and each Defendant pursuant to 28 U.S.C. §1332(a)(1), as the matter in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different states.

16.     This Court may exercise personal jurisdiction over each Defendant because each Defendant transacts business within the Commonwealth and owns, uses or possesses real property within this Commonwealth.  Further, this Court may exercise personal jurisdiction over each Defendant because each Defendant systematically and continuously conducts and solicits business within this Commonwealth and has availed himself and herself, respectively, of the privileges of conducting business in the Commonwealth of Pennsylvania.

17.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and/or omissions by each Defendant giving rise to the claims occurred in this District. Each Defendant is subject to Personal Jurisdiction in this District.

## FACTUAL BACKGROUND GIVING RISE TO COMPLAINT

18.     Approximately, one week prior to the physical incident at issue Plaintiff Forest Greece, among others, physically witnessed Defendant Heist physically strike Defendant Benjamin in public, on the Widener University campus.

19.     As Mr. Greece sought to console Defendant Benjamin as she sobbed, immediately after Defendant Heist had struck her, Defendant Benjamin stated that this was not the first time that Defendant Heist had hit her.

20.     As a result of an additional physical altercation involving Defendant Heist, one week later on February 17, 2024; one in which Mr. Greece had no direct involvement or caused any injury to any party, Defendant Heist sustained physical injuries and sought medical attention at a nearby hospital.

21.     Among other injuries, from physically fighting, Defendant Heist's hands were scraped and bruised.

22.     From physically fighting, Defendant Heist's clothes were ripped, torn, stretched and stained with blood and otherwise destroyed.

23.     In actuality, because he never threw a punch or otherwise raised his hands to engage in any physical altercation, Plaintiff Greece's clothes were never ripped, torn, stretched and stained with blood and otherwise destroyed.

24.     Upon opinion and belief, both Defendants either omitted, or selectively chose not to relay this fact to the Chester Police and to the Delaware County District Attorney.

25.     Here, there is no 'innocent' or alternative interpretation of Defendants' statements about Mr. Greece to the Chester Police and to the Delaware County District Attorney. Both Defendant Heist and Defendant Benjamin, each, falsely stated that Mr. Greece committed a violent, First-Degree Felony and other crimes.

26.     At the Preliminary Hearing, Defendant Heist testified that he provided Chester Police and the Delaware County District Attorney with a written statement regarding the physical altercation which occurred on February 17, 2024.[2]

27.     Upon opinion and belief, Defendant Benjamin also provided Chester Police and the Delaware County District Attorney with a written statement regarding the physical altercation which occurred on February 17, 2024.

28.     Upon opinion and belief, Defendant Heist made intentionally, materially false factual assertions in his written statement to Chester Police and to the Delaware County District Attorney, regarding Plaintiff Forest Greece.

29.     Upon opinion and belief, Defendant Benjamin made intentionally, materially false factual assertions in her written statement to Chester Police and to the Delaware County District Attorney, regarding Plaintiff Forest Greece.

30.     As a result of Defendant Heist's intentionally, materially false written statement to Chester Police, Plaintiff Forrest Greece was arrested, taken into physical custody and criminally charged by Chester Police with a violent First Degree Felony, Misdemeanor crimes of violence and related Summary offenses.[3]

---

[2] See June 24, 2024 Preliminary Hearing Notes of Testimony, p.41: 18 – 20.
[3] Id., p.45: 17- 20.

| CHARGES | | | | |
|---|---|---|---|---|
| # Charge | Grade | Description | Offense Dt. | Disposition |
| 1 18 § 2702 §§ A1 | F1 | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 02/17/2024 | |
| 2 18 § 2701 §§ A1 | M2 | Simple Assault | 02/17/2024 | |
| 3 18 § 2705 | M2 | Recklessly Endangering Another Person | 02/17/2024 | |
| 4 18 § 5503 §§ A1 | S | Disorderly Conduct Engage In Fighting | 02/17/2024 | |
| 5 18 § 2709 §§ A1 | S | Harassment - Subject Other to Physical Contact | 02/17/2024 | |

ATTORNEY INFORMATION

31.    As a result of Defendant Benjamin's intentionally, materially false written statement to Chester Police, Plaintiff Forrest Greece was arrested, taken into physical custody and criminally charged by Chester Police with a violent First Degree Felony, Misdemeanor crimes of violence and related Summary offenses.

32.    Upon opinion and belief, Defendants Heist and Benjamin were not separated when each gave both oral and written statements to Chester Police. As such, Defendants Heist and Benjamin, at least in part, gave joint statements to Chester Police.

33.    Upon opinion and belief, Defendants Heist and Benjamin were questioned jointly when each gave both oral and written statements to Chester Police.

34.    In providing materially false information to police, for the purpose of seeking to have Mr. Greece arrested, Defendant Heist and Defendant Benjamin initiated and executed a common plan to have Chester Police arrest Mr. Greece and for the Delaware County District Attorney to criminally prosecute Mr. Greece.

35.    Conversely, had either Defendant told truthful statements to Chester Police or to the Delaware County District Attorney, no common plan would have existed.

36.    Moreover, had either Defendant told truthful statements to Chester Police or to the Delaware County District Attorney, Mr. Greece would never have been arrested or criminally charged by Chester Police.

37.     Again, while testifying at the June 24, 2024 preliminary hearing, Defendant Heist told another materially false fact, under oath; namely, that Plaintiff Forest Greece had thrown and landed punches at Defendant Heist.[4]

```
                                                              45

  1      Q.   He didn't punch you?

  2      A.   I'm pretty sure, I'm sure he punched me.

  3      Q.   You're sure he punched you?

  4      A.   Yes.

  5      Q.   And where did he punch you?

  6      A.   In my upper body, in my chest and my face.

  7      Q.   And you saw that from your own eyes?

  8      A.   I felt it.

  9      Q.   You felt it but did you see it?

 10      A.   Yes.
```

38.     However, this was not the only time that Defendant Heist told materially untrue facts, under oath, while testifying at the June 24, 2024 Preliminary Hearing.

39.     Each Defendant is, respectively, a member of the Widener University Men's and Women's Volleyball teams.

40.     Under oath at the June 24, 2024 Preliminary Hearing, Defendant Heist originally testified that, as a result of the physical altercation, Defendant Heist did not play in another Volleyball game that season, after February 17, 2024.[5]

---

[4] Id., p. 45: 1- 10.
[5] Id., pp. 31:18 – 32: 24.

**COMPLAINT**
7

```
18     Q.   Okay and were you playing any sports, any

19     athletics?

20     A.   Yes sir.

21     Q.   What, did you miss any games or practices?

22     A.   Yes sir I missed 20 games.

23     Q.   And when were you first able to return?

24     A.   I didn't.

25     Q.   Never played again?
```

```
                                                    32

1     A.   No sir.

2     Q.   Never practiced again?

3     A.   No I just showed up to the practices to support...

4     Q.   Okay.

5     A.   And showed up to the game.
```

41.     However, when presented with printed copies of his officially recorded game statistics for that season, Mr. Heist conceded that this prior testimony was false.

42.     It is objectively quantifiable that, despite his prior false testimony to the contrary, Defendant Heist not only resumed intercollegiate play that season, but set personal records during games which occurred in March and in April 2024.[6]

---

[6] Id., pp. 35:12 – 37:20, attached to this Complaint.

37

```
1      Q.   Mr. Heist I'm placing in front of you an 8-1/2 by
2      11 piece of white paper.  If you could please look at
3      the contents and when you recognize them please look up.
4      A.   I see them.
5      Q.   Do you recognize that?
6      A.   Yeah.
7      Q.   And that's you?
8      A.   Yes.
9      Q.   Would it be safe to say that's a, your profile from
10     the Widener University Volleyball site?
11     A.   Mmm-hmm.
12     Q.   And it lists your season highs, correct?
13     A.   Yes, not very impressive.
14     Q.   Your, well season high and assist was on March 27,
15     2024, right?
16     A.   Yes sir.
17     Q.   You had four assists?
18     A.   Yes sir.
19     Q.   And you had seven digs on April 3, 2024, correct?
20     A.   Yes sir, yes.
```

43.     In fact, the Widener University Volleyball website heralds Defendant Heist's

season-high performance during an April 2024 match.[7]



[7] https://widenerpride.com/sports/mens-volleyball/roster/benjamin-heist/12617 (accessed 02/16/2025).

44.     Here, there is no 'innocent' or alternative interpretation of Defendants' statements about Mr. Greece to Chester Police and to the Delaware County District Attorney. In reality, each Defendant's statements falsely accused Mr. Greece as having committed a violent, First-Degree Felony and other crimes of violence.

45.     Immediately before the start of the June 24, 2024 Preliminary Hearing, the Delaware County District Attorney ("District Attorney"), through the assigned Assistant District Attorney, amended the charges against Mr. Greece. Specifically, instead of proceeding on the substantive counts of Felony Aggravated Assault and Misdemeanor Simple Assault and Reckless Endangerment to Another Person, the District Attorney amended these three charges to add counts of *Conspiracy to Commit* the substantive, respective charges and withdrew the substantive charges, as the Chester Police Department had originally filed.[8]

46.     These amended charges reflect a decision by the District Attorney's Office, based upon the statements of Defendant Heist and Defendant Benjamin, to prosecute Mr. Greece under separate criminal offenses than those which the Chester Police had originally filed.

47.     Defendant Heist's and Defendant Benjamin's actions against Mr. Greece, as detailed above, have lowered Mr. Greece's standing in the estimation of the Widener University community and have deterred third persons from associating or dealing with Mr. Greece.

48.     Through their oral and written statements to Chester Police and to the Delaware County District Attorney, each Defendant uttered demonstrably false accusations against Mr. Greece. Defendants' falsehoods ascribed to Mr. Greece illusory accusations of unjustifiable, violent conduct, bad character and fabricated allegations of Felony criminality; all of which are

---

[8] See June 24, 2024 Preliminary Hearing Notes of Testimony, p. 4:20 – p. 5:6.

inconsistent with the necessary character, fitness, and proper conduct required of a Widener University student in good standing and a member of the Widener University Football team.

49.     In addition to his academic achievements, throughout his tenure at Widener, Mr. Greece has defined himself by his dedication and commitment to off-the-field training, driven attention to practice and developing a leadership role; as an upperclassman student-athlete who leads through the example set by his actions.

50.     The actions of Defendant Heist and Defendant Benjamin against Mr. Greece, as detailed above, have caused otherwise unimaginable harm to Mr. Greece's reputation and to his personal standing, both on the Widener University Football team and, more generally, in the Widener University community.

51.     Beyond the Widener campus, previously that academic (2023-2024) year, Mr. Greece had applied for a summer position to work for a prominent Philadelphia-based corporation, related to his field of study.

52.     On May 8, 2024, the prospective employer informed Mr. Greece that it declined his application for employment, explicitly because of the criminal charges which had been filed against Mr. Greece.

### COUNT I – Defamation *Per Se*
### Plaintiff v. Defendants

53.     Plaintiff Forest Greece incorporates all previous paragraphs stated above, as if stated materially herein.

54.    Defendant Heist communicated false oral statements to Chester Police and to the Delaware County District Attorney; specifically, that Plaintiff Forest Greece committed crimes by having physically attacked Defendant Heist.

55.    Defendant Heist further communicated false written statements to Chester Police and to the Delaware County District Attorney; specifically, that Plaintiff Forest Greece committed the crime of having physically attacked Defendant Heist.

56.    Defendant Heist further communicated these false statements, alleging that Plaintiff Forest Greece committed violent crimes against Defendant Heist, under oath at the June 24, 2024 criminal Preliminary Hearing.

57.    Defendant Benjamin communicated false oral statements to Chester Police and to the Delaware County District Attorney; specifically, that Plaintiff Forest Greece committed crimes by having physically attacked Defendant Heist.

58.    Defendant Benjamin further communicated false written statements to Chester Police and to the Delaware County District Attorney; specifically, that Plaintiff Forest Greece committed the crime of having physically attacked Defendant Heist.

59.    But for the decision of the Assistant District Attorney not to call Defendant Benjamin as a Preliminary Hearing witness, Defendant Benjamin intended to and would have also made additional false statements; alleging that Plaintiff Greece committed violent, Felony and other crimes against Defendant Heist.

60.    No member of the Chester Police or the Delaware County District Attorney was present for the physical altercation at issue.

61.    Accordingly, the Chester Police and the Delaware County District Attorney relied nearly exclusively, if not exclusively, upon Defendant Heist's and Defendant Benjamin's false recitation of fact.

62.    Based solely upon Defendants' statements to Officer Ryan Shomo, the Chester Police Department filed criminal charges against Plaintiff Forest Greece, including a violent First Degree Felony, Misdemeanor crimes of violence and related Summary offenses.

63.    Prior to this incident, Mr. Greece had never been detained, suspected, arrested or charged with any Misdemeanor or Felony offense.

64.    By Pennsylvania Statute, any public record of Mr. Greece's arrest and criminal charges has been ordered expunged. However, non-public copies of Mr. Greece's arrest and criminal charges will remain indefinitely on repositories such as the Pennsylvania Justice Network ("JNET") and, upon opinion and belief, additional state and federal record repositories.

65.    At no point did either Defendant possess any privilege or right which permitted either Defendant to utter these false accusations against Mr. Greece.

66.    As a direct and proximate result of Defendants' statements to Chester Police and to the Delaware County District Attorney, which led to First-Degree Felony and other charges of violent crimes being levelled against him, Plaintiff Forest Greece has been injured and continues to suffer damages in the following non-exclusive list of ways: Mr. Greece will no longer have a 'clean' or 'blemish-free' criminal record; Mr. Grece has lost employment opportunities as a direct result of the criminal charges filed against him; Mr. Greece was obligated to hire legal counsel to defend against the false criminal charges against him; Widener University severely restricted Mr. Greece in his ability to participate as a student in good standing, during and after the pendency of the criminal charges; Mr. Greece has suffered mental distress, as a result of

Defendants' actions; Mr. Greece has suffered emotional distress, as a result of Defendants'

actions; Mr. Greece has suffered humiliation as a result of Defendants' actions; and Mr. Greece

continues to suffer reputational damage from Defendants' false allegation that Mr. Greece is a

violent criminal.

### COUNT II – False Light
### Plaintiff v. Defendants

67.    Plaintiff Forest Greece incorporates all previous paragraphs stated above, as if

stated materially herein.

68.    Mr. Greece is an Honors student and Varsity member of the Widener University

football team.

69.    It is true that Mr. Greece resides at the residence where the physical altercation at

issue occurred.

70.    It is equally true that Mr. Greece was inside of the residence when the physical

altercation, involving Defendant Heist and another individual, occurred.

71.    As evidenced by the dismissal of all criminal charges filed against Mr. Greece,

Mr. Greece was not a combatant, a conspirator, an accessory or a participant in any way, to the

physical altercation which Defendant Heist freely engaged on the early morning at issue

72.    Defendant Heist, through his false oral and written statements to the Chester

Police and to the Delaware County District Attorney, has given false publicity to a matter before

the general public; one in which Mr. Greece never participated.

73.    Defendant Benjamin, through her false oral and written statements to the Chester

Police and to the Delaware County District Attorney, has given false publicity to a matter before

the general public; one in which Mr. Greece never participated.

74.     As Mr. Greece committed no wrong whatsoever, in public view or otherwise, Defendant Heist's false statements have impermissibly invaded Mr. Greece's reasonable expectation of privacy; to remain free from such scurrilous allegations, abjectly adverse to Mr. Greece's true reputation and previously unblemished record at both Widener University and in his home community.

75.     As Mr. Greece committed no wrong whatsoever, in public view or otherwise, Defendant Benjamin's false statements have impermissibly invaded Mr. Greece's reasonable expectation of privacy; to remain free from such scurrilous allegations, abjectly adverse to Mr. Greece's true reputation and previously unblemished record at both Widener University and in his home community.

76.     Prior to making his multiple, false accusations against Mr. Greece over months, Defendant Heist; then a college sophomore, knew that falsely assailing the reputation of another by explicitly accusing one of violent, Felony and other criminal charges would be highly offensive to any reasonable person.

77.     Prior to making her multiple, false accusations against Mr. Greece over months, Defendant Benjamin; then a college sophomore, knew that falsely assailing the reputation of another by explicitly accusing one of violent, Felony and other criminal charges would be highly offensive to any reasonable person.

78.     By knowing the actual truth, yet making multiple, false accusations against Mr. Greece over months, Defendant Heist had direct knowledge of true facts and/or acted in reckless disregard as to the falsity of his explicitly *ad hominem* accusations of violent, Felony and other criminal behavior by Mr. Greece; nevertheless, dishonestly publicizing in a false light that Mr. Greece committed violent, Felony and other criminal charges at Mr. Greece's residence.

79.     By knowing the actual truth, yet making multiple, false accusations against Mr. Greece over months, Defendant Benjamin had direct knowledge of true facts and/or acted in reckless disregard as to the falsity of her explicitly *ad hominem* accusations of violent, Felony and other criminal behavior by Mr. Greece; nevertheless, dishonestly publicizing in a false light that Mr. Greece committed violent, Felony and other criminal charges at Mr. Greece's residence.

80.     Defendant Heist had knowledge of the true facts, but intentionally opted to publicly state false facts.

81.     Defendant Benjamin had knowledge of the true facts, but intentionally opted to publicly state false facts.

82.     As a direct and proximate result of Defendants' oral and written statements to Chester Police and to the Delaware County District Attorney, which led to First-Degree Felony and charges of violent crimes being levelled against him, Plaintiff Forest Greece has been injured and continues to suffer damages in the following non-exclusive list of ways: Mr. Greece will no longer have a 'clean' or 'blemish-free' criminal record; Mr. Grece has lost employment opportunities as a direct result of the criminal charges filed against him; Mr. Greece was obligated to hire legal counsel to defend against the false criminal charges against him; Widener University severely restricted Mr. Greece in his ability to participate as a student in good standing, during and after the pendency of the criminal charges; Mr. Greece has suffered mental distress, as a result of Defendants' actions; Mr. Greece has suffered emotional distress, as a result of Defendants' actions; Mr. Greece has suffered humiliation as a result of Defendants' actions; and Mr. Greece continues to suffer reputational damage from Defendants' false allegation that Mr. Greece is a violent criminal.

## COUNT III – Fraud

**Plaintiff v. Defendants**

83.     Plaintiff Forest Greece incorporates all previous paragraphs stated above, as if stated materially herein.

84.     In both oral and written statements, Defendant Heist made material misrepresentations of fact to Chester Police; specifically, in accusing Mr. Greece of having committed crimes of violence.

85.     Later, in advance of the June 2024 Preliminary Hearing, Defendant Heist made additional material misrepresentations of fact to Chester Police and to the Delaware County District Attorney by further falsely accusing Mr. Greece of having committed crimes of violence.

86.     At the June 2024 Preliminary hearing, Defendant Heist repeated these false accusations of fact yet again, through testimony under oath.

87.     In both oral and written statements, Defendant Benjamin made material misrepresentations of fact to Chester Police; specifically, in accusing Mr. Greece of having committed crimes of violence.

88.     Later, in advance of the June 2024 Preliminary Hearing, Defendant Benjamin also made additional material misrepresentations of fact to Chester Police and to the Delaware County District Attorney by further falsely accusing Mr. Greece of having committed crimes of violence.

89.     Defendant Benjamin appeared for and was prepared to testify at the June 2024 Preliminary Hearing. Upon opinion and belief, it was only because of a decision by the assigned Assistant District Attorney that Defendant Benjamin did not testify at the Preliminary Hearing.

90.    Defendant Heist intentionally made these material misrepresentations of fact, described above, for the purpose of convincing the Chester Police and the Delaware County District Attorney that Defendant Heist was truthful; to arrest Mr. Greece and charge Mr. Greece with crimes of violence.

91.    Defendant Benjamin intentionally made these material misrepresentations of fact, described above, for the purpose of convincing the Chester Police and the Delaware County District Attorney that Defendant Benjamin was truthful; to arrest Mr. Greece and charge Mr. Greece with crimes of violence.

92.    As a direct and proximate result of Defendants' oral and written statements to Chester Police and to the Delaware County District Attorney, which led to First-Degree Felony and charges of violent crimes being levelled against him, Plaintiff Forest Greece has been injured and continues to suffer damages in the following non-exclusive list of ways: Mr. Greece will no longer have a 'clean' or 'blemish-free' criminal record; Mr. Grece has lost employment opportunities as a direct result of the criminal charges filed against him; Mr. Greece was obligated to hire legal counsel to defend against the false criminal charges against him; Widener University severely restricted Mr. Greece in his ability to participate as a student in good standing, during and after the pendency of the criminal charges; Mr. Greece has suffered mental distress, as a result of Defendants' actions; Mr. Greece has suffered emotional distress, as a result of Defendants' actions; Mr. Greece has suffered humiliation as a result of Defendants' actions; and Mr. Greece continues to suffer reputational damage from Defendants' false allegation that Mr. Greece is a violent criminal.

**<u>COUNT  IV</u>– Conspiracy**
**(Or, in the alternative, Aiding and Abetting)**
**Plaintiff v. Defendants**

93.     Plaintiff Forest Greece incorporates all previous paragraphs stated above, as if stated materially herein.

94.     Defendant Benjamin Heist and Defendant Azira Benjamin, acted both jointly and individually, to utter false allegations of violent criminal behavior against Plaintiff Forest Greece to Chester Police and to the Delaware County District Attorney.

95.     Upon opinion and belief, Defendant Benjamin Heist and Defendant Azira Benjamin communicated with one another, in private, regarding their false statements to Chester Police and to the Delaware County District Attorney about Plaintiff Forest Greece.

96.      In doing so, both Defendant Benjamin Heist and Defendant Azira Benjamin disregarded true and demonstrable facts; namely, that Mr. Forest Greece never committed any crime on the morning of February 17, 2024 or at any other time.

97.     By acting in tandem to omit true facts and to manufacture and utter demonstrably false oral and written statements about Plaintiff Forst Greece to Chester Police and to the Delaware County District Attorney, Defendant Benjamin Heist and Defendant Azira Benjamin, combined their efforts, to enter into a common enterprise.

98.     Defendant Benjamin Heist's and Defendant Azira Benjamin's common enterprise did not end with the false oral and written statements of fact which each made to the Chester Police on the morning of February 17, 2024.

99.     For more than an additional four months, at least through the date of Mr. Greece's June 24, 2024 Preliminary hearing, both Defendant Benjamin Heist and Defendant Azira Benjamin continued to operate in tandem by continuing to utter demonstrably false oral and written statements of fact to Chester Police, the Delaware County District Attorney and others;

wrongfully accusing Mr. Greece of having committed violent, Felony and other criminal offenses.

100.     As such, for months or longer, Defendant Benjamin Heist's and Defendant Azira Benjamin's behavior, as averred in detail above, amounted to an agreement to perpetuate scurrilous, intolerable and demonstrably false accusations of violent, Felony and other criminal behavior against Plaintiff Forest Greece.

101.     Defendant Benjamin Heist's and Defendant Azira Benjamin's statements, over months, amounted to an agreement to debase Mr. Greece's reputation, within the Widener University community, by falsely accusing Mr. Greece of having committed Felony and other acts of violent crime.

102.     Defendant Benjamin Heist's and Defendant Azira Benjamin's statements, over months, amounted to an agreement to manipulate a true fact; namely, that Mr. Greece resided at the residence where Defendant Benjamin Heist engaged in a physical altercation, into an utter falsehood by repeatedly, publicly accusing Mr. Greece of having committed crimes of violence against Defendant Heist.

103.     Defendant Benjamin Heist's and Defendant Azira Benjamin's statements, over months, amounted to an agreement to publicize knowing, material misstatements of fact, as described above, for the purpose of convincing the Chester Police and the Delaware County District Attorney to arrest, to deprive Mr. Greece of his liberty and to charge Mr. Greece with First Degree Felony and other crimes of violence.

104.     To this end, though all criminal charges were summarily dismissed following a record Preliminary Hearing, Defendant Benjamin Heist and Defendant Azira Benjamin

succeeded in convincing the Chester Police and the Delaware County District Attorney to arrest, to imprison and to charge Mr. Greece with First-Degree Felony and other crimes of violence.

105.    By uttering knowingly false accusations of criminality against Plaintiff Forest Greece, for months or longer, to Chester Police, the Delaware County District Attorney and others, Defendant Benjamin Heist and Defendant Azira Benjamin each engaged in a pattern of demonstrably untruthful and morally depraved behavior, which also violated numerous sections of the Pennsylvania Crimes Code.

106.    By uttering knowingly false accusations of criminality against Plaintiff Forest Greece, for months or longer, to Chester Police, the Delaware County District Attorney and others, Defendant Benjamin Heist and Defendant Azira Benjamin each knowingly abused lawful channels, intended to protect and to advocate for true crime victims and to bring truly guilty criminal actors to justice, to suit their debauched, unscrupulous, shameless and illicit objectives.

107.    At all times, Defendant Benjamin Heist knew he had affirmative obligations not to tell lies and to communicate truthful facts, especially when speaking to members of the law enforcement community.

108.    At all times, Defendant Azira Benjamin knew she had affirmative obligations not to tell lies and to communicate truthful facts, especially when speaking to members of the law enforcement community.

109.    Both Defendant Benjamin Heist and Defendant Azira Benjamin, respectively, breached these most basic duties.

110.    In breaching these most basic duties – to tell right from wrong - Defendant Benjamin Heist and Defendant Azira Benjamin gave substantial encouragement and assistance to each other, to continue perpetuating demonstrably false accusations against Mr. Greece.

111.    As a direct and proximate result of Defendants' combined actions to state utter falsehoods about Mr. Greece, through their oral and written statements to Chester Police and to the Delaware County District Attorney, Mr. Greece was falsely arrested, imprisoned and criminally charged with First-Degree Felony and other charges of violent crimes. Plaintiff Forest Greece has been injured and continues to suffer damages in the following non-exclusive list of ways: Mr. Greece will no longer have a 'clean' or 'blemish-free' criminal record; Mr. Grece has lost employment opportunities as a direct result of the criminal charges filed against him; Mr. Greece was obligated to hire legal counsel to defend against the false criminal charges against him; Widener University severely restricted Mr. Greece in his ability to participate as a student in good standing, during and after the pendency of the criminal charges; Mr. Greece has suffered mental distress, as a result of Defendants' actions; Mr. Greece has suffered emotional distress, as a result of Defendants' actions; Mr. Greece has suffered humiliation as a result of Defendants' actions; and Mr. Greece continues to suffer reputational damage from Defendants' false allegation that Mr. Greece is a violent criminal.

## PRAYER FOR RELIEF

112.    WHEREFORE, Plaintiff prays for judgment against Defendant Heist and Defendant Benjamin, jointly and severally, for each of the causes of action raised herein. Plaintiff respectfully requests a judgment in his favor and against both Defendant Heist and Defendant Benjamin, each, for:

A.  Nominal damages;

B.  Compensatory damages, including general, actual, consequential, and special damages, in an amount to be determined at trial;

C.  Punitive damages;

D.  Reasonable and necessary attorneys' fees;

E.  Reasonable and necessary costs of the suit;

F.  Prejudgment and post-judgment interest at the highest lawful rates;

Declaratory relief stating that the statements published and promoted by Defendant Heist and Defendant Benjamin and those attributable to Defendant Heist and Defendant Benjamin as reasonably foreseeable republications identified within this Complaint, individually and collectively, were and are false;

G.  Injunctive relief enjoining Defendant Heist and Defendant Benjamin from making further false statements of fact; and

H.  Such other and further relief as this Court deems just and appropriate in the interests of Justice.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all issues of fact and damages stated herein.

Dated: February 18, 2025

Respectfully Submitted,

**PHILIP PRESS LAW OFFICE**

BY: _____

Philip D. Press, Esquire
PA I.D. No. 306374
30 West Airy Street
Norristown, PA 19401
Phil@PressEsquire.com