IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FOREST C. GREECE**<br>*Plaintiff*<br><br>v.<br><br>**BENJAMIN E. HEIST et al.**<br>*Defendants* | Civil No. 25-0867 |

## ORDER

**AND NOW**, this 20th day of February 2025, upon review of the Complaint (ECF No. 1) invoking this Court's subject matter jurisdiction based on diversity of citizenship, which failed to fully plead the parties' citizenship, it is hereby **ORDERED** that no later than **February 27, 2025**: (1) Plaintiff may file an amended Complaint properly pleading the parties' citizenship or (2) Plaintiff shall **show cause** in a memorandum not exceeding seven pages as to why the Court should not dismiss this case for lack of subject matter jurisdiction.[1]

BY THE COURT:

_____
MARY KAY COSTELLO, J.

---

[1] "Courts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). In diversity cases, Federal courts have subject matter jurisdiction over controversies involving more than $75,000 between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff has sued Defendants Benjamin Heist and Azira Benjamin for defamation, false light, fraud, and conspiracy. ECF No. 1. Plaintiff alleges (1) that Plaintiff "reside[s]" in New York, (2) that Defendant Heist "reside[s]" in Arizona, and (3) that Defendant Benjamin "reside[s]" in Pennsylvania. ECF No. 1 at ¶¶ 11-13. Alleging where an individual resides is "insufficient to plead diversity of citizenship." *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012)). Instead, Plaintiff must allege where the parties are citizens. Otherwise, the Court cannot determine from the Complaint whether diversity jurisdiction exists.